IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN DARRELL GARLAND, ) | Civil Action No. 7:15-cv-00010 | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| HAROLD CLARKE, ) | By:   Hon. Michael F. Urbanski | |
|     Respondent. ) |       United States District Judge | |

Jonathan Darrell Garland, a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the judgment entered by the Circuit Court of Wythe County. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants Respondent's motion to dismiss because Petitioner procedurally defaulted his claims.

I.

A jury found Petitioner guilty of selling, giving, or distributing a schedule II substance in violation of Virginia Code § 18.2-248, and the Circuit Court of Wythe County sentenced Petitioner to fifteen years' incarceration. Petitioner appealed his conviction to the Court of Appeals of Virginia, which dismissed the appeal as untimely filed. Petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Wythe County that presented two issues: 1) the trial court erred in admitting a CD without proper authentication, and 2) trial counsel was ineffective for failing to perfect the appeal. The Circuit Court of Wythe County dismissed the first claim but granted relief for the second claim to permit Petitioner to refile the direct appeal. However, the Court of Appeals denied the subsequent petition for appeal as meritless, and Petitioner did not appeal to the Supreme Court of Virginia. Petitioner later filed a petition for a

writ of habeas corpus with the Supreme Court of Virginia, which dismissed it as successive pursuant to Virginia Code § 8.01-654(B)(2).

Presently before the court is Petitioner's federal habeas petition, which presents the same three claims dismissed by the Supreme Court of Virginia as successive: 1) the trial court erred in admitting a CD without proper authentication; 2) trial counsel was ineffective for not calling Mike Gravely as a witness to rebut the testimony of Brian Corvin; and 3) trial counsel was ineffective for not requesting a continuance after being appointed three weeks before trial.

## II.

The three claims in the federal petition must be dismissed as procedurally defaulted. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court and "independent" if it does not depend on a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (1998).

Petitioner procedurally defaulted the instant claims when the Supreme Court of Virginia declined to consider the claims' merits pursuant to Virginia Code § 8.01-654 (B)(2), which is an adequate and independent state procedural rule. Mackall v. Angelone, 131 F.3d 442, 446 (4th

2

Cir. 1997). Petitioner does not describe cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, and none appears in the record.[1] See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991) (permitting a federal court to review a procedurally defaulted claim if the petitioner establishes cause and prejudice or a fundamental miscarriage of justice). Accordingly, the court must dismiss these procedurally defaulted claims.

### III.

For the foregoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: October 29, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Petitioner's claims of ineffective assistance of counsel are not substantial. See Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1316 (2012). Petitioner does not establish what Mike Gravely would have testified to if called as a witness, and tactical decisions, like which witnesses to call, are part of the development of the defense strategy and are solely within the province of counsel. See, e.g., Gonzalez v. United States, 553 U.S. 242, 249 (2008); Burger v. Kemp, 483 U.S. 776, 793 (1987). Similarly, Petitioner fails to describe any tactical decision that would have resulted from a continuance or describe any specific reason why a continuance was necessary. See, e.g., Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996).